## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**BOYCE P. MELAH**                                                                                           **PLAINTIFF**

**V.**                                                        **CIVIL ACTION NO.:** ___1:20-cv-181-LG-RHW___

**E-FIRE SOUTHERN, INC.**                                                                              **DEFENDANT**

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Boyce P. Melah, by and through his counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under the Fair Labor Standards Act against Defendant E-Fire Southern, Inc. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

## PARTIES

1.      Plaintiff Boyce P. Melah is an adult male citizen of Harrison County, Mississippi.

2.      Defendant E-Fire Southern Inc., is incorporated in the State of Mississippi, licensed to do business in the State of Mississippi, and may be served with process by serving its registered agent: James D. Bell, Esq., 318 South State Street, Jackson, Mississippi 39201.

## JURISDICTION AND VENUE

3.      This court has federal question jurisdiction.

4.      This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

## STATEMENT OF THE FACTS

5.   Plaintiff was originally hired in 2006 and worked for Defendant until 2012. Plaintiff returned to work for Defendant as a Helper for a Lead Tech on February 18, 2018. After six (6) to seven (7) months Plaintiff was promoted to the position of Lead Tech.

6.   Plaintiff did not receive hourly or salaried pay. Instead, Plaintiff's income was based solely on commission. As a Helper, Plaintiff was paid commission of 15% of the service call price. Plaintiff was supposed to receive 35% in commission based on the job cost if he worked alone, but was only paid 20% when he worked alone. Plaintiff would receive only 20% of the commission if he worked with a helper, who would receive 15% of the commission.

7.   Plaintiff worked, on average, seventy (70) hours per week; however, Plaintiff did not receive overtime pay for any hours worked in excess of forty (40) hours per work week.

8.   Plaintiff was also required to attend mandatory weekly company meetings on Friday mornings, during which basic company information was shared, and workers were required to clean company vehicles and restock supplies.

9.   The weekly Friday meetings lasted from approximately 8:00 a.m. to 12:00 p.m. and were unpaid.

10.   Plaintiff was informed by his Manager, Brandon Foxworth, that the meetings were mandatory and that if Plaintiff did not attend the meetings he would be written up and could potentially be suspended without pay.

11. As part of Plaintiff's job requirement, he had to commute to job sites in company vehicles. The commute times varied from thirty (30) minutes up to four (4) hours round trip.

12. Defendant failed to compensate Plaintiff for commuting to job sites.

13. As a result of Defendant's intentional failure to properly compensate him for all hours worked, Plaintiff turned in his two-week notice on February 11, 2020.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

14. Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 14 above as if fully incorporated herein.

15. Plaintiff was a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff was entitled to overtime pay for all overtime hours worked.

16. Plaintiff is considered non-exempt under the provisions of the Fair Labor Standards Act.

17. The Fair Labor Standards Act requires that non-exempt employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

18. Plaintiff has not been properly paid overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ their regular rate of pay.

19. The acts of the Defendant constitute a willful intentional violation of the

Fair Labor Standards Act.

## **PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff and all other similarly situated individuals be granted the following relief in an amount to be determined by the jury:

1. Declaratory Judgment;
2. Overtime wages;
3. Liquidated Damages;
4. A tax gross-up and all make-whole relief;
5. Attorney fees;
6. Costs and expenses; and
7. Any other relief to which Plaintiff may be properly entitled under the FLSA.

THIS the 29th day of May 2020.

          Respectfully submitted,

          BOYCE P. MELAH, PLAINTIFF

          By: /s/Louis H. Watson, Jr.
              Louis H. Watson, Jr. (MB# 9053)
              Nick Norris (MB#101574)
              Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com